# CASES

ARGUED AND DETERMINED

IN THE

# HIGH COURT OF ERRORS AND APPEALS

FOR THE

# STATE OF MISSISSIPPI.

## OCTOBER TERM, 1858.

THE MISSISSIPPI AND TENNESSEE RAILROAD CO. *v.* JOHN HARRIS.

1. PRINCIPAL AND AGENT: SUBSEQUENT RATIFICATION EQUIVALENT TO PRECEDENT AUTHORITY.—The payment of the amount required by the charter of a railroad company to be made at the time of subscription, may be made for the subscriber by a third person, and such payment, though made without his knowledge or consent, will render the contract of subscription binding, if the subscriber afterwards ratify the act of his assumed agent.
2. SAME: WHAT AMOUNTS TO A RATIFICATION: CASE IN JUDGMENT.—Where a subscriber for stock in a railroad company was informed by one of its officers, that the percentage on his subscription required by the charter to be paid, in order to render the contract binding, had been paid for him by another, and the subscriber made no objection, but promised, then, and on several subsequent occasions, to pay the instalments due on his stock, it was held, that his conduct was a ratification of the act of payment made by such third person, and that the subscription was binding on him.

ERROR to the Circuit Court of Panola county. Hon. P. T. Scruggs, judge.

*H. W. Walter*, for plaintiff in error.

VOL. VII.—2

*Hussey* and *Estelle,* for defendant in error.

HARRIS, J., delivered the opinion of the court.

This writ of error is prosecuted to reverse the judgment below, upon the ground that the court should have granted a new trial on plaintiff's motion, because the jury found contrary to law and evidence.

The question before the jury was, whether the defendant had paid the one per cent. required by the charter of incorporation, so as to make him a stockholder. The evidence showed his subscription for eleven shares, on the 15th November, 1852. Martin, the commissioner, to whom the subscription was given, testifies that he did not pay the one per or fifty cents on each share, at the time of subscription, but that a short time afterwards, and before the organization of the company, S. N. Herron paid it for him. That, a few days afterwards, he told defendant of the payment for him by Herron, to which he made no objection, but said this was a settlement between him and Herron, and that Herron owed him.

Herron proved that he paid the money to Martin without the authority or knowledge of Harris, that he never told him of it, and they had never settled.

Vance, the treasurer of the board of commissioners of the company, proved that Martin paid him the one per cent. on ten shares of stock, subscribed by the defendant, before the organization of the company, and several months before any calls on stock were made. The money so paid was used in the prosecution of the work, and after this, and after calls were made, he several times requested payment of defendant, of the other instalments on his stock, and he each time promised to pay him.

There can be no reason then, to doubt the recognition by the defendant of the payment made by Herron for him. It is true that he did not originally authorize Herron to make the payment; but, upon information, he not only made no objection to it, but allowed the company and its officers to regard him as a stockholder; and *several times* promised, after a full knowledge of such payment, to make further payment of calls as a stockholder.

His subsequent conduct, must be regarded therefore, as a ratification of the payment by Herron, and equivalent to a precedent autho-

rity, upon the well-recognized principles of the law of agency. *Fiser* v. *Mississippi and Tennessee Railroad Co.* 32 Miss. R. 369.

We think the verdict of the jury was contrary to the evidence. The judgment is, therefore, reversed, and a *venire de novo* awarded, and cause remanded.